United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL, | No. C 07-0113 MJJ |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| COUNTY OF DEL NORTE, JERRY HARWOOD, BILL STEVEN, GENE McMANUS, MELANIE BARRY, ROBERT BARBER, ED FLESHMAN, KEITH MORRIS, A.C. FIELD, DISTRICT ATTORNEY MICHAEL RIESE, DARREN McELFRESH, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendants Michael Riese, Keith Morris, Darren McElfresh, A.C. Fields, (collectively, "District Attorney Defendants"), Bill Steven, Gene McManus, Melanie Barry, Robert Barber, Jerry Harrwood (collectively, "Sheriff Department Defendant"), and the County of Del Norte (collectively, "County Defendants").[1] In the current motion Defendants seek to dismiss all of Plaintiff's claims. Pro se Plaintiff John Gimbel ("Plaintiff" or "Gimbel") opposes Defendants' Motion. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

---

[1] Docket No. 14. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke, Del Norte District Attorney, Darren McElfresh, and Fritz Luderman.

## FACTUAL BACKGROUND

In this civil action Plaintiff seeks monetary damages from Defendants under federal and state causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet message posted[2] on the Internet Community Forum for the City of Crescent City. As best as the Court can discern, the material allegations from Plaintiff's Complaint are as follows.

On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed two computers and two handguns from the arrest location. (Compl. ¶ 5.) Defendants charged Plaintiff with violating Cal. Penal Code § 71.[3] (*Id.* ¶ 25.) Plaintiff's criminal jury trial began on September 26, 2005. (*Id.* ¶ 121.) Following his conviction, the trial court sentenced Plaintiff on October 27, 2005.[4] However, on June 17, 2006, the appellate court overturned Plaintiff's conviction. (*Id.* ¶¶ 5, 10.)

On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages and Injunctive Relief (Government Code 910)." (*Id.* Ex. 2.) Plaintiff's government claim against Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's current Complaint. (*Id.*) Plaintiff alleges that he filed the claim within the statutory of limitations period for such a claim. (*Id.* ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005. (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

On January 8, 2007, Plaintiff filed the operative complaint now before this Court. Plaintiff's Complaint alleges federal claims for relief against Defendants for violation of his rights under the First, Second, and Fourth Amendments of the United States Constitution. (*Id.* ¶¶ 215, 234, 236.)

---

[2] Pro se Plaintiff's internet posting read,

> Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous. That's a drag. I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the policy chief.
>
> Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in the way, then blow their skulls off, too.

(Compl. Ex. A.)

[3] "Threatening Public Officers and Employees and School Officials." Cal. Penal Code § 71.

[4] *See* Plaintiff's Exhibit 4, Docket No. 4

United States District Court
For the Northern District of California

Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property, and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion. (*Id.* ¶ 106.)

**LEGAL STANDARD**

**I.    Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule 12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In the context of a motion to dismiss, review is limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). When

3

matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange*, 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 44 (9th Cir. 1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (1996), *cert denied*, 520 U.S. 1103 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

## ANALYSIS

**I.      Motion to Dismiss § 42 U.S.C. 1983 Claims Against District Attorney Defendants**

   **A.      Absolute Prosecutorial Immunity For District Attorney Defendants**

District Attorney Defendant's contend that Plaintiff's 42 U.S.C. § 1983 claims against Michael Riese, Keith Morris, Darren McElfresh, and A.C. Field are barred as a matter of law by absolute prosecutorial immunity. Plaintiff's Opposition alleges no legally cognizable theory or factual allegation to Defendant's opposition. As explained below, the Court finds that District Attorney Defendants are entitled to absolute prosecutorial immunity.

A prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal case and its presentation at trial. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see*, *e.g.*, *Burns v. Reed*, 500 U.S. 478, 490-91 & n.6 (1991) (prosecutors absolutely immune for their conduct before grand juries and in presenting evidence at probable-cause hearings for a search warrant); *Imbler*, 424 U.S. at 431 (prosecutor absolutely immune from liability for the knowing use of false

testimony at trial); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutors absolutely immune for gathering additional evidence after probable cause is established or criminal proceedings have begun when they are performing a quasi-judicial function). The "reasons supporting the doctrine of absolute immunity apply with equal force regardless of the nature of the underlying action." *Id*. (citing *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976)). The touchstone of this immunity is whether the attorney's actions are "intimately" or "closely" associated with the judicial process. *See id*. If the government attorney is performing acts intimately associated with the judicial phase of the litigation, that attorney is entitled to absolute immunity from damage liability. *See Id.*

Prosecutors are entitled only to qualified, not absolute, immunity when they perform administrative or investigatory, rather than advocatory, functions. *See Kalina v. Fletcher*, 522 U.S. 119, 122-31 (1997). Thus, in determining immunity, the court examines the nature of the function performed, not the identity of the actor who performed it. *See id*. at 127. Absolute immunity requires that the activities at issue be "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Prosecutors therefore are not absolutely immune when they take part in the preliminary gathering of evidence that may ripen into a potential prosecution, *See Buckley*, 509 U.S. at 273; *Nash-Holmes*, 169 F.3d at 642; *Gobel v. Maricopa County*, 867 F.2d 1201 (9th Cir. 1989), or give advice to the police in the investigative phase of a criminal case, *See* Burns, 500 U.S. at 493.

Here, District Attorney Defendants contend that allegations in Plaintiff's Complaint fall within the scope of their authority to act in a quasi-judicial capacity. In Plaintiff's Complaint Plaintiff makes a general assertion that there was no probable cause to issue a warrant for his arrest. (Compl. ¶ 24.) Plaintiff also alleges Defendant Keith Morris presented false evidence in response to Plaintiff's Motion to Dismiss criminal charges which Plaintiff submitted to the criminal court on or about July, 2004. (*Id.* ¶¶ 15,117.) Plaintiff also alleges that District Attorney Defendants used an inaccurate example of Plaintiff's Internet posting when prosecuting him (*Id.* ¶ 108.)

Because the face of Plaintiff's Complaint fails to allege any cognizable legal theory or factual basis opposing District Attorney Defendants's contention of absolute prosecutorial immunity

5

to all Plaintiff's Section 1983 claims, the Court **GRANTS** District Attorney Defendants' Motion to Dismiss all Section1983 claims. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against District Attorney Defendants. Plaintiff's Amended Complaint should allege specific facts as to how the District Attorney Defendants are not entitled to absolute prosecutorial as to Plaintiff's claims against them.

**II.    Motion to Dismiss Plaintiff's Section 1983 Claims against Sheriff Department Defendants**

    **A.    Failure to Allege Sufficient Facts to Support Section Claim Against Sheriff Department Defendants**

Sheriff Department Defendants Bill Steven, Gene McManus, Melanie Barry, Robert Barber, Ed Fleshman, and Jerry Harwood contend that Plaintiff offers no factual allegations specifying how they deprived Plaintiff of any of his constitutional rights. Plaintiff's Opposition alleges no cognizable legal theory or factual basis opposing Sheriff Department Defendants' contention. As explained below, the Court finds that Plaintiff has not alleged sufficient facts to support a § 1983 claim against any of the Sheriff Department Defendants.

To seek relief under 42 U.S.C. § 1983, Plaintiff must show defendants, acting under the color of state law, deprived Plaintiff of his constitutional or federal statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A prima facie case under § 1983 requires allegations showing how individually named defendants caused or personally participated in causing the alleged harm. *Arnold v. Int'l Bus. Machines Copr.*, 637 F.2d 1350, 1355 (9th Cir. 1981). "Ordinarily, a pro se complaint will be liberally construed and will be dismissed only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)). However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Here, Sheriff Department Defendants contend that Plaintiff alleges no factual allegations

specifying how they deprived Plaintiff of his constitutional rights. In Plaintiff's Complaint, Plaintiff alleges that Sheriff Department Defendants chose to take Plaintiff's Internet posting out of context (Compl. ¶¶ 108, 109), and alleges generally that there was no probable cause for a warrant or arrest. (*Id.* ¶ 24.) Because Plaintiff fails to set forth specific facts establishing a basis for First, Second, or Fourth Amendment violations by Sheriff Department Defendants, the Court **GRANTS** Sheriff Department Defendants' Motion to Dismiss on all of Plaintiff's Section 1983 claims. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against Sheriff Department Defendants.[5] Plaintiff's Amended Complaint should allege, with specificity, how each Sheriff Department Defendant's action or inaction deprived him of his constitutional rights.

**III    Motion to Dismiss Claims Against the County of Del Norte**

   **A.    Failure to State a Claim Against the County of Del Norte**

County Defendants contend that Plaintiff fails to state an individual claim against it and that Plaintiff alleges no facts indicating County Defendant had a policy or custom that amounted to deliberate interference with Plaintiff's Constitutional rights. Plaintiff's Opposition alleges no factual basis opposing County Defendant's contentions. As explained below, the Court finds that Plaintiff has not alleged facts establishing County Defendants had a policy or custom that amounted to deliberate interference with Plaintiff's Constitutional rights.

Local government officials sued in their official capacities are "persons" under § 1983 in those cases in which a local government would be suable in its own name. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)). "[T]he legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. Local governments can be sued for monetary, declaratory, or injunctive relief where such suits arise out of unconstitutional actions that implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers. . . ." *Id.* 690-91. If no official policy

---

[5]Because the Court Grants Sheriff Department Defendant's Motion to Dismiss for Failure to Allege Sufficient Facts To Support a § 1983 claim, the Court need not address Sheriff Department Defendant's Motion to Dismiss on the grounds of a Facially Valid Warrant Barring § 1983 Claims or Qualified Immunity.

7

exists, "customs and usages" may fulfill this element of a Section 1983 claim against a local government. *Id.* However, "A municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.  "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

"To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.' *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (Quoting *City of Canton*, 489 U.S. at 389-91).

Here, Plaintiff alleges no facts indicating that County Defendant has a policy amounting to deliberate indifference to Plaintiff's Constitutional rights.  Because Plaintiff fails to provide a factual basis of liability for County Defendant under Section 1983, the Court **GRANTS** County Defendant's Motion to Dismiss each of Plaintiff's Section 1983 claims against the County of Del Norte.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the County of Del Norte.  Plaintiff's Amended Complaint should proffer facts sufficient to establish that the County of Del Norte has a formal policy that amounts to deliberate indifference to the Plaintiff's constitutional rights, which was the moving force behind the constitutional violations.

**IV.    Motion to Dismiss All of Plaintiff's State Law Claims Against All Defendants**

    **A.    Failure to Allege Sufficient Facts of Compliance With The California Torts Claim Act**

Defendants collectively contend that Plaintiff's state law tort claims are barred for failure to comply with the statute of limitations period under the California Tort Claims Act ("CTCA").  In Plaintiff's Opposition, Plaintiff alleges no cognizable legal theory or sufficient factual basis

8

opposing Defendant's Contention.

The CTCA governs tort claims against public entities and their officials. *See* Cal. Gov. Code § 810 *et seq*. The CTCA requires any civil complaint for money or damages must first be timely presented in writing to, and rejected by, the pertinent public entity. Cal. Gov.Code §§ 910, 912.4, 912.8, 945.4; *See also Hart v. Alameda County*, 76 Cal. App. 4th 766, 778 (Cal. Ct. App. 1999). Suits against a public entity or public employees are governed by the specific statute of limitations provided in the Government Code, not the statute of limitations that applies to private defendants. *Moore v. Twomey*, 120 Cal. App. 4th 910, 913-914 (2004); *Martel v. Antelope Valley Hospital Medical Center*, 67 Cal. App. 4th 978, 981 (Cal. Ct. App. 1998). Each theory of recovery against the public entity must have been reflected in a timely claim. *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1778 (Ct. Cal. App. 1995). In addition, the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint. *Brownell v. Los Angeles Unified School Dist.*, 4 Cal. App. 4th 787, 793-94 (1992). If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 487 (1986).

Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. Cal. Gov. Code, § 945.4; *Ocean Services Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (Ct. Cal. App. 1993). Government Code section 911.2 requires the claim relating to a cause of action for death or for injury to person or to personal property be presented not later than *six months* after the accrual of the cause of action. Cal. Gov. Code § 911.2.[6] Furthermore, Government Code section 945.4, requires presentation of a timely claim as a condition precedent to

---

[6] The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. *Wadley v. County of Los Angeles*, 205 Cal. App. 2d 668, 670 (Ct. Cal. App. 1962); *Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal. App. 4th 729, 734 (Ct. Cal. App. 1992).

1 the commencement of suit against the public entity.  Government Code Section 945.6, subdivision
2 (a)(1), requires the commencement of the suit to be no later than six months after written notice of
3 the rejected claim.  Cal. Gov. Code § 945.6.

4 California Government Code section 945.3 provides that the CTCA statute of limitations is
5 tolled for a person charged with a criminal offence and bringing a civil action for money against a
6 peace officer or public entity employing the peace officer based upon conduct of the peace officer
7 relating to the offense for which the accused is charged.  Cal. Gov. Code §945.3.  The applicable
8 statute of limitation is tolled for claims against peace officers or public entities employing the peace
9 officers while criminal charges are pending before a superior court.  *Id.*  Under this section criminal
10 charges are "pending" until the date of judgment.  *See McAlpine v. Superior Court*, 209 Cal. App. 3d
11 1, 3 (1989).  However, the applicable statute of limitation is not tolled while a case is on appeal.
12 Cal. Gov. Code § 945.3.

13 Here, Plaintiff alleges only that, sometime in 2004,  he filed a notice of claim entitled
14 "Government Claim for Damages and Injunctive Relief (Government Code 910)" that was filed
15 within the six month limitation period required by CTCA statute.  (Compl. ¶ 7.)  Because Plaintiff
16 has proffered only a conclusory allegation that he has complied with necessary CTCA filing
17 requirements, Plaintiff has not alleged sufficient facts to support his CTCA claim against County
18 Defendants. For this reason, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's state
19 law tort claims.  Plaintiff shall have thirty days from the entry of this order to file an Amended
20 Complaint to properly allege his state law tort claims, if any, against the County Defendants.
21 Plaintiff's Amended Complaint should provide a factual basis for alleging that Plaintiff's
22 commencement of this civil action was timely under the pertinent Government Code Sections.
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the foregoing reasons, the Court:

1. **GRANTS** District Attorney Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims;

2. **GRANTS** Sheriff Department Defendants' Motion to Dismiss on all of Plaintiff's Section 1983 claims. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against Sheriff Department Defendants;

3. **GRANTS** County Defendant's Motion to Dismiss each of Plaintiff's Section 1983 claims against the County of Del Norte.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the County of Del Norte.

4. **GRANTS** Defendants' Motion to Dismiss Plaintiff's state law tort claims.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege his state law tort claims, if any, against the County Defendants.

**IT IS SO ORDERED.**

Dated: June 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE