**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN GIMBEL, | No. C 07-0113 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CRESCENT CITY POLICE DEPARTMENT, DANA RENO, DOUGLAS PLANK, JAMES HOLT, and FRITZ LUDERMAN, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendants City of Crescent City, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman's (collectively, "City Defendants")[1] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e), and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f).[2] Pro se Plaintiff John Gimbel opposes City Defendants' motion. For the following reasons, the Court **GRANTS** City Defendants' Motion to Dismiss.

**FACTUAL BACKGROUND**

---

[1] In the Complaint, pro se Plaintiff generally refers to the City of Crescent City as "Crescent City Police Department. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke, Del Norte District Attorney, Darren McElfresh, and Fritz Luderman. (Complaint ("Compl.") at Docket No. 3.)

[2] Docket Nos. 13 and 35.

In this civil action Plaintiff seeks monetary damages from City Defendants under federal and state causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet message posted[3] on the Internet Community Forum for the City of Crescent City. As best as the Court can discern, the material allegations from Plaintiff's Complaint are as follows.

On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed two computers and two handguns from the arrest location. (Compl. ¶ 5.) Defendants charged Plaintiff with violating Cal. Penal Code § 71.[4] (*Id*. ¶ 25.) Plaintiff's criminal jury trial began on September 26, 2005. (*Id*. ¶ 121.) Following his conviction, the trial court sentenced Plaintiff on October 27, 2005.[5] However, on June 17, 2006, the appellate court overturned Plaintiff's conviction. (*Id*. ¶¶ 5, 10.)

On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages and Injunctive Relief (Government Code 910)." (*Id*. Ex. 2.) Plaintiff's government claim against Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's current Complaint. (*Id*.) Plaintiff alleges that he filed the claim within the statutory of limitations period for such a claim. (*Id*. ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005. (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

On January 8, 2007, Plaintiff filed the operative complaint now before this Court. Plaintiff's Complaint alleges federal claims for relief against City Defendants for violation of his rights under the First, Second, and Fourth Amendments of the United States Constitution. (*Id*. ¶¶ 215, 234, 236.)

---

[3] Pro se Plaintiff's internet posting read,

> Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous. That's a drag. I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the policy chief.
>
> Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in the way, then blow their skulls off, too.

(Compl. Ex. A.)

[4] "Threatening Public Officers and Employees and School Officials." Cal. Penal Code § 71.

[5] *See* Plaintiff's Exhibit 4, Docket No. 4

2

1  Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of
2  emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property,
3  and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion.
4  (*Id.* ¶ 106.)

## LEGAL STANDARD

6  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
7  sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a
8  Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
9  Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News
10 Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the
11 plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a
12 cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d
13 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);
14 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is
15 appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of
16 a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule
17 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and
18 construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d
19 428, 435 (9th Cir. 2000).

20 A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the
21 pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*,
22 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule
23 12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and
24 construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v.
25 Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In the context of a motion to dismiss, review is
26 limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*,
27 69 F.3d 381, 385 (9th Cir. 1995). When matters outside the pleading are presented to and accepted
28 by the court, the motion to dismiss is converted into one for summary judgment. However, matters

properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange*, 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 44 (9th Cir. 1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (1996), *cert denied*, 520 U.S. 1103 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

## ANALYSIS

**I.   Motion To Dismiss Plaintiffs Section 1983 Claims Against City Defendants**

   **A.   Section 1983 Claims Against the Individual City Defendants**

At the outset, the Court notes that Plaintiff's complaint does not make any specific factual allegations against Dana Reno, Douglas Plank, or James Holt, or Fritz Luderman. The only individual Defendant specifically identified in Plaintiff's Complaint is Douglas Plank. (Compl. ¶¶ 25, 26, 31, 34, 60, 84.) However, Plaintiff fails to allege how these individual Defendants caused or personally participated in causing Plaintiff's alleged harm.

To seek relief under 42 U.S.C. § 1983, Plaintiff must show defendants, acting under the color of state law, deprived Plaintiff of his constitutional or federal statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A prima facie case under § 1983 requires allegations showing how individually named defendants caused or personally participated in causing the alleged harm. *Arnold v. Int'l Bus. Machines Copr.*, 637 F.2d 1350, 1355 (9th Cir. 1981). "Ordinarily, a pro se complaint will be liberally construed and will be dismissed only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)).

4

However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Here, Plaintiff proffers that only Defendant Plank (referred to as "Plack" in Plaintiff's Complaint), "did or should have known and understood from the very beginning, of the extremely visible presence of literary hyperbole" and that he "knew that the exact content of the so called threat words would never happen." (Compl. ¶¶ 26, 31). Plaintiff's Complaint does not refer to any other City Defendant.

Because Plaintiff has failed to allege how individual City Defendants caused or personally participated in causing Plaintiff's alleged harm, and because Plaintiff's allegation that Defendant Plank knew or should have known that Plaintiff's Internet posting was literary hyperbole and would never happen is insufficient to withstand a Motion to Dismiss, the Court **GRANTS** City Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims against individual City Defendants Dana Reno, Douglas Plank, James Holt, and Fritz Luderman. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the individual City Defendants, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman. Plaintiff's Amended Complaint should allege, with specificity, how each individual City Defendant's action or inaction deprived him of his constitutional rights. The Court now turns to Plaintiff's remaining Section 1983 claims against the City of Crescent City.

**B.    First, Second, and Fourth Amendment Claims Against the City**

The City of Crescent City is the only remaining City Defendant to Plaintiff's Section 1983 claims. As a municipality, Section 1983 claims against the City of Crescent City are subject to special pleading requirements. As discussed below, Plaintiff's complaint fails to properly state claims for constitutional violations against the City of Crescent City.

Local government may not be sued under Section 1983 for a constitutional violation committed by its employees or agents unless that violation is pursuant to the execution of an official

policy or custom. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978). A plaintiff may demonstrate a policy or custom to support municipal liability in a number of ways. A plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)) (internal quotation omitted). In addition, a plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 1346-47.

Here, Plaintiff's Complaint fails to allege that his constitutional injuries resulted from the City of Crescent City's "policies, customs, or practices." In Plaintiff's Complaint, Plaintiff alleges only that there were multiple noted failures across all levels of government including blatant lies and evidence coverups. (Compl. ¶ 175.) Because Plaintiff has failed to sufficiently state a Section 1983 claim against the City of Crescent City, the Court **GRANTS** the City Defendants' Motion to Dismiss as to Plaintiff's Section 1983 claims against the City of Crescent City. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the City of Crescent City. Plaintiff's Amended Complaint should proffer facts sufficient to establish that the City of Crescent City has a formal policy, or longstanding practice which constitutes the standard operating procedure of the City, which was the moving force behind the constitutional violation. The Court now turns to Plaintiff's remaining state law tort claims.

**II.     Motion to Dismiss State Law Tort Causes of Action Against All Defendants**

   **A.     Failure to Allege Sufficient Facts of Compliance With The California Tort Claims Act**

Plaintiff's Complaint alleges state law tort causes of action against City Defendants for intentional infliction of emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property, and false imprisonment. (*Id*. ¶¶ 222, 224, ,226, 228, 230.) Plaintiff's Complaint against City Defendants must allege sufficient facts that Plaintiff submitted state law claims within the statutory requirements of the California Tort Claims Act ("CTCA"). The Court now examines the legal sufficiency of Plaintiff's Complaint against the City Defendants for state law tort claims under CTCA statutory requirements.

The CTCA governs tort claims against public entities and their officials. *See* Cal. Gov. Code § 810 *et seq*. The CTCA requires any civil complaint for money or damages must first be timely presented in writing to, and rejected by, the pertinent public entity. Cal. Gov.Code §§ 910, 912.4, 912.8, 945.4; *See also Hart v. Alameda County*, 76 Cal. App. 4th 766, 778 (Cal. Ct. App. 1999). Suits against a public entity or public employees are governed by the specific statute of limitations provided in the Government Code, not the statute of limitations that applies to private defendants. *Moore v. Twomey*, 120 Cal. App. 4th 910, 913-914 (2004); *Martel v. Antelope Valley Hospital Medical Center*, 67 Cal. App. 4th 978, 981 (Cal. Ct. App. 1998). Each theory of recovery against the public entity must have been reflected in a timely claim. *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1778 (Ct. Cal. App. 1995). In addition, the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint. *Brownell v. Los Angeles Unified School Dist.*, 4 Cal. App. 4th 787, 793-94 (1992). If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 487 (1986).

Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. Cal. Gov. Code, § 945.4; *Ocean Services Corp. v. Ventura Port Dist.*, 15 Cal. App. 4th 1762, 1775 (Ct. Cal. App. 1993). Government Code section 911.2 requires the claim relating to a cause of action for death or for injury to person or to personal property be presented not later than *six months* after the accrual of the cause of action. Cal. Gov. Code § 911.2.[6] Furthermore, Government Code section 945.4, requires presentation of a timely claim as a condition precedent to the commencement of suit against the public entity. Government Code Section 945.6, subdivision

---

[6] The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. *Wadley v. County of Los Angeles*, 205 Cal. App. 2d 668, 670 (Ct. Cal. App. 1962); *Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, 8 Cal. App. 4th 729, 734 (Ct. Cal. App. 1992).

1 (a)(1), requires the commencement of the suit to be no later than six months after written notice of
2 the rejected claim. Cal. Gov. Code § 945.6.

3 California Government Code section 945.3 provides that the CTCA statute of limitations is
4 tolled for a person charged with a criminal offence and bringing a civil action for money against a
5 peace officer or public entity employing the peace officer based upon conduct of the peace officer
6 relating to the offense for which the accused. Cal. Gov. Code §945.3. The applicable statute of
7 limitation is tolled for claims against peace officers or public entities employing the peace officers
8 while criminal charges are pending before a superior court. *Id.* Under this section criminal charges
9 are "pending" until the date of judgment. *See McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 3
10 (1989). However, the applicable statute of limitation is not tolled while a case is on appeal. Cal.
11 Gov. Code § 945.3.

12 Here, Plaintiff alleges only that, sometime in 2004, he filed a notice of claim entitled
13 "Government Claim for Damages and Injunctive Relief (Government Code 910)" that was filed
14 within the six month limitation period required by CTCA statute. (Compl. ¶ 7.) Because Plaintiff
15 has proffered only a conclusory allegation that he has complied with necessary CTCA filing
16 requirements, Plaintiff has not alleged sufficient facts to support his CTCA claim against the City
17 Defendants. For this reason, the Court **GRANTS** the City Defendants' Motion to Dismiss Plaintiff's
18 state law tort claims. Plaintiff shall have thirty days from the entry of this order to file an Amended
19 Complaint to properly allege his state law tort claims, if any, against the City Defendants. Plaintiff's
20 Amended Complaint should provide a factual basis for alleging that Plaintiff's commencement of
21 this civil action was timely under the pertinent Government Code Sections.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

//

//

**CONCLUSION**

For the foregoing reasons, the Court:

1. **GRANTS** City Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims against individual City Defendants Dana Reno, Douglas Plank, James Holt, and Fritz Ruderman. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the individual City Defendants, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman;

2. **GRANTS** the City Defendants' Motion to Dismiss as to Plaintiff's Section 1983 claims against the City of Crescent City. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the City of Crescent City; and

3. **GRANTS** the City Defendants' Motion to Dismiss Plaintiff's state law tort claims. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege his state law tort claims, if any, against the City Defendants.[7]

**IT IS SO ORDERED.**

Dated: June 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court has dismissed Plaintiff's claims against the City Defendants, the Court does not address Plaintiff's First Amendment Claim that his Internet Posting was protected speech, and need not address the City Defendants' Motion to Strike and Motion for a More Definite Statement.