IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL, | No. C 07-0113 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendant State of California's ("Defendant" or "State") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Pro se Plaintiff John Gimbel ("Plaintiff" or "Gimbel") opposes Defendant's Motion to Dismiss. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

In this civil action Plaintiff seeks monetary damages from Defendant under federal and state causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet message

---

[1] Docket No. 31. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke, Del Norte District Attorney, Darren McElfresh, and Fritz Luderman.

posted[2] on the Internet Community Forum for the City of Crescent City. As best as the Court can discern, the material allegations from Plaintiff's Complaint are as follows.

On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed two computers and two handguns from the arrest location. (Compl. ¶ 5.) Defendants charged Plaintiff with violating Cal. Penal Code § 71.[3] (*Id.* ¶ 25.) Plaintiff's criminal jury trial began on September 26, 2005. (*Id.* ¶ 121.) Following his conviction, the trial court sentenced Plaintiff on October 27, 2005.[4] However, on June 17, 2006, the appellate court overturned Plaintiff's conviction. (*Id.* ¶¶ 5, 10.)

On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages and Injunctive Relief (Government Code 910)." (*Id.* Ex. 2.) Plaintiff's government claim against Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's current Complaint. (*Id.*) Plaintiff alleges that he filed the claim within the statutory of limitations period for such a claim. (*Id.* ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005. (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

On January 8, 2007, Plaintiff filed the operative complaint now before this Court. Plaintiff's Complaint alleges federal claims for relief against Defendant for violation of his rights under the First, Second, and Fourth Amendments of the United States Constitution. (*Id.* ¶¶ 215, 234, 236.) Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property, and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion.

---

[2] Pro se Plaintiff's internet posting read,

> Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous. That's a drag. I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the policy chief.
>
> Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in the way, then blow their skulls off, too.

(Compl. Ex. A.)

[3] "Threatening Public Officers and Employees and School Officials." Cal. Penal Code § 71.

[4] *See* Plaintiff's Exhibit 4, Docket No. 4

United States District Court
For the Northern District of California

(*Id.* ¶ 106.)

**LEGAL STANDARD**

**A.   Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. See *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. See *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. See *White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. "*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The Bell standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly

3

insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**B.    Motions to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. See *Van Buskirk v. Cable News Network*, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. See *SmileCare Dental Group v. Delta Dental Plan of Cal.*, Inc., 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule 12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In the context of a motion to dismiss, review is limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange*, 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 44 (9th Cir. 1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

## ANALYSIS

**A.     Subject Matter Jurisdiction.**

**1.     Eleventh Amendment Bar on Federal Court Claims Against State Actors**

Defendant's first argument is that this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Defendant contends that the Eleventh Amendment to the United States Constitution bars federal court claims against the State of California and its instrumentalities and agencies, therefore, this Court must dismiss Plaintiff's claims against the State of California. In Plaintiff's Opposition, Plaintiff proffers no cognizable legal theory opposing Defendant's contention. As explained below, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims against Defendant.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

Const. amend. XI. Fundamental Eleventh Amendment doctrine provides that states cannot be sued in federal court, absent their consent. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). The Eleventh Amendment prohibits federal courts from hearing suits brought against a state without the state's consent. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir.1991). The Eleventh Amendment's jurisdictional bar covers suits "naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." (*Id.*) The Amendment thus is a specific constitutional bar against hearing even federal claims that otherwise would be within the jurisdiction of the federal courts. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 120 (1984). This constitutional bar applies to pendent claims as well. *Id*.

Because Plaintiff's Complaint raises federal claims and state law claims against the State of California and the state does not consent to be sued, the claims are barred by the Eleventh Amendment. For this reason the court grants Defendant's motion to dismiss pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss **WITH PREJUDICE**.[5]

**IT IS SO ORDERED.**

Dated: June 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[5] Because the Court finds that it does not have subject matter jurisdiction over Plaintiff's federal or state claims, the Court need not address Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.