John M Vrieze, CSB #115397
William F. Mitchell, CSB #159831
MITCHELL, BRISSO, DELANEY & VRIEZE
Attorneys at Law
814 Seventh Street
P. O. Drawer 1008
Eureka, CA 95502
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorney for Defendants
County of Del Norte, Jerry Harwood, Bill Steven,
Gene McManus, Melanie Barry, Robert Barber,
Ed Fleshman, Keith Morris, A.C. Field,
District Attorney Michael Riese, Darren McElfresh

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL, | CASE NO.: C 070113 SBA |
| Plaintiff, | AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT |
| vs. | |
| STATE OF CALIFORNIA, DEL NORTE COUNTY SHERIFF'S DEPARTMENT, JERRY HARWOOD, BILL STEVEN, GENE McManus, MELANIE BARRY, DANA RENO, ROBERT BARBER, ED FLESHMAN, CRESCENT CITY POLICE DEPARTMENT, DOUGLASS PLACK, GREG JOHNSON, JAMES HOLT, CABLEB CHADWICK, THOMAS BURKE, DEL NORTE DISTRICT ATTORNEY KEITH MORRIS, AC FIELD, MICHAEL RIESE, DARREN MCELFRESH, and FRITZ LUDERMAN, | DATE: September 25, 2007<br>TIME: 1:00 p.m.<br>CTRM: 3, 3rd Floor |
| Defendants. | |

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

# NOTICE

PLEASE TAKE NOTICE that on **September 25, 2007, at 1:00 p.m.,** in the above-entitled Court located at 1301 Clay Street, Suite 400S, Oakland, California, Defendants Del Norte County, erroneously named Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Robert Barber, Ed Fleshman, Keith Morris, A.C. Field, District Attorney Michael Riese, and Darren McElfresh, separating themselves from all other defendants herein, move the Court for dismissal of plaintiff's amended complaint as to these defendants. The motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the ground that the amended complaint fails to state a valid cause of action as to the moving defendants, as set forth below.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

Defendants Del Norte County, erroneously named Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Robert Barber, Ed Fleshman, Keith Morris, A.C. Field, District Attorney Michael Riese, and Darren McElfresh (hereafter the Del Norte County Defendants), separating themselves from all other defendants herein, submit the following as their motion to dismiss plaintiff's amended complaint.

For judicial economy and efficiency, the above individual moving defendants have admitted to the following capacities, which they held at all times pertinent to this action.

### Del Norte County Sheriff Group

1. Defendant Jerry Harwood was an Investigator with the Del Norte County Sheriff's Department.

2. Defendant Bill Steven was a Sergeant with the Del Norte County Sheriff's Department.

3. Defendant Gene McManus was a Sergeant with the Del Norte County Sheriff's Department.

4. Defendant Melanie Barry was a Deputy with the Del Norte County Sheriff's Department.

5. Defendant Robert Barber was a Deputy with the Del Norte County Sheriff's Department.

6. Defendant Ed Fleshman was a Detective with the Del Norte County Sheriff's Department.

### Del Norte County District Attorney Group

7. Defendant Keith Morris was a Deputy District Attorney with the Del Norte County District Attorney's office.

8. Defendant A. C. Field was an Investigator with the Del Norte County District Attorney's office.

9. Defendant Michael Riese was the District Attorney for the County of Del Norte.

10. Defendant Darren McElfresh was a Deputy District Attorney with the Del Norte County District Attorney's office.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

## I. INTRODUCTION

One June 22, 2007, the court entered its order granting defendants' motion to dismiss plaintiff's initial complaint against the Del Norte County Defendants.[1]

The court concluded 1) that the District Attorney Defendants (Michael Riese, Keith Morris, Darren McElfresh, and A.C. Field) were barred as a matter of law by absolute prosecutorial immunity; 2) that all of the federal claims against the Sheriff Department Defendants (Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Robert Barber, and Ed Fleshman) failed to allege sufficient facts to support a claim under 42 U.S.C. §1983; 3) that the federal claim against the County of Del Norte was barred for failure to allege facts establishing liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); and, 4) that all of plaintiff's state law claims were barred for failure to allege sufficient facts to establish compliance with the claims presentation requirements of the California Tort Claims Act.

The court also granted plaintiff thirty days from entry of the order to file an amended complaint.

On July 12, 2007, plaintiff filed a six-page document entitled "Amended Complaint." In spite of its title, the document fails to set forth any discernable legal claim against any defendant. Instead, this amended pleading consists primarily of language far outside the bounds of human dignity. The bulk of the "amended complaint" is irrelevant and an embarrassment, and these profanities are only an insult to the integrity and dignity of the court. As set forth below, the purported "amended complaint" should be dismissed without leave to amend.

## II. ANALYSIS

### A. Applicable Legal Standards

---

[1] Two separate orders were also entered granting the motions to dismiss filed by the State of California and Crescent City defendants.

1   Federal Rule of Civil Procedure, Rule 12(b)(6) provides that a defendant may
2   respond to a complaint by moving to dismiss the complaint for "failure to state a claim
3   upon which relief can be granted...." For purposes of Rule 12(b)(6), the term "claim" is
4   defined as "a set of facts which, if established, give rise to one or more enforceable legal
5   rights." *Schwarzer, et al.*, Federal Civil Procedure Before Trial, §9:189 (1994), citing
6   *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966), In re Baker, 66
7   BR 652, 653 (D. Nev. 1986).

8   A dismissal under Rule 12(b)(6) should be granted when the facts alleged would
9   not entitle a plaintiff to any form of legal remedy. Thus, a Rule 12(b)(6) dismissal is
10  proper where there is either "lack of cognizable legal theory" or "the absence of sufficient
11  facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901
12  F.2d 696, 699 (9th Cir. 1990); see also, *Conley v. Gibson*, 355 U.S. 421, 445-46 (1957);
13  *De La Cruz v. Toomey,* 582 F.2d 45, 48 (9th Cir. 1978).

14  Federal Rule of Civil Procedure, Rule 8, provides, in pertinent part that: "A
15  pleading which sets forth a claim for relief...shall contain 1) a short and plain statement
16  of the grounds upon which the court's jurisdiction depends, unless the court already has
17  jurisdiction and the claim needs no new grounds of jurisdiction to support it; 2) a short
18  and plain statement of the claim showing that the pleader is entitled to relief; and, 3) a
19  demand for judgment for the relief the pleader seeks...."

21  **B.   Plaintiff's Purported Amended Complaint Should Be Dismissed Without Leave to Amend As It Fails to Allege Any Cognizable Claim For Relief**

23  In *Haines v. Kerner*, 404 U.S. 519 (1972), the Supreme Court stated that pro se
24  complaints are held to less stringent standards than formal pleadings drafted by lawyers.
25  *Id.*, at 520. However, "[p]ro se litigants must follow the same rules of procedure that
26  govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Brown v.*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

1  *Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002).  Moreover, "[a]ll causes of action
2  alleged in an original complaint which are not alleged in an amended complaint are
3  waived." *Id.*; See also, *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
4  This rule applies with equal force to pro se litigants. *King*, 814 F.2d at 567; *Brown*, 211
5  F.R.D. at 605; *U.S. v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984).

6      It is manifest that plaintiff's amended complaint fails to allege facts which, even
7  under the most liberal standard, would constitute any cognizable claim for relief.  In
8  addition, the complaint utterly fails to meet the liberal notice pleading standard of Rule
9  8(a). See *Egevancho v. Fisher*, 423 F.3d 347, 352-53 (3rd Cir. 2005) (dismissing
10 complaint for failure to comply with Rule 8(a)); *Swierkiewicz v. Sorema*, 534 U.S. 506,
11 514 (2002) (All complaints must satisfy the requirements of Rule 8(a)).

12     Plaintiff's purported "amended complaint" fails to set forth any basis for this
13 court's jurisdiction, fails to set forth any facts whatsoever pertaining to any discernable
14 federal or state law claim, fails to identify any defendant in the body of the complaint,
15 other than a passing reference to A.C. Field, and fails to set forth any request for relief.
16 Instead, the document is merely a profanity-ridden diatribe.[2]

17     By filing a document which is nothing more than an attack on the integrity of this
18 court, the plaintiff has forfeited any right to proceed further with this litigation, and the
19 complaint should be summarily dismissed without leave to amend.  See e.g., *Garrett v.*
20 *Selby Connor Maddux & Janer*, 425 F.3d 836, 839-41 (10th Cir. 2005) (Dismissing
21 appeal filed by pro se plaintiff, stating: "Plaintiff's briefs on appeal do little more then
22 attempt to impugn (without basis) the integrity of the district judge.  Such writings are
23 intolerable, and we will not tolerate them."); *U.S. v. Shaffer Equipment Co.*, 111 F.3d
24 450, 461 (4th Cir. 1993) ("Due to the very nature of the court as an institution, it must and

---

[2] The documents attached to the amended complaint which consist primarily of e-mails to defense counsel, suffer from the same defects.

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

1  does have an inherent power to impose order, respect, decorum, silence, and compliance
2  with lawful mandates. This power is organic, without need of a statute or a rule for its
3  definition, and it is necessary to the exercise of all other powers.") (*Phillips v. Carey*, 628
4  F.2d 207, 208 (10th Cir. 1981) ("If the complaint or other pleadings are abusive or contain
5  offensive language, they may be stricken *sua sponte* under the inherent powers of the
6  court."); (*Theriault v. Silber*, 579 F.2d 302 (5th Cir. 1978) (dismissing an appeal with
7  prejudice because appellant's notice of appeal contained "vile and insulting references to
8  the trial judge, stating: "This court simply will not allow liberal pleading rules and pro se
9  practice to be a vehicle for abusive documents. Our pro se practice is a shield against the
10 technical requirements of a past age; it is not a sword with which to insult a trial judge.");
11 See also, *Carrigan v. California State Legislature,* 263 F.2d 560, 564 (9th Cir. 1959)
12 ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as
13 frivolous, and strike briefs and pleadings filed by appellate…as either scandalous,
14 impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be
15 justified by this court.")
16      Furthermore, in the order granting the Del Norte County Defendant's motion to
17 dismiss, the court directed plaintiff to "file an Amended Complaint to properly allege
18 claims, if any, against District Attorney Defendants [Michael Riese, Keith Morris, Darren
19 McElfresh, and A.C. Field]. Plaintiff's Amended Complaint should allege specific facts
20 as to how the District Attorney Defendants are not entitled to absolute prosecutorial
21 immunity." Plaintiff's Amended Complaint has failed to comply with this directive and
22 the District Attorney Defendants are entitled to dismissal based on their absolute
23 prosecutorial immunity or, at a minimum, qualified immunity. *See Buckley v.*
24 *Fitzsimmons*, 509 U.S. 259, 272-73 (1993), *Kalina v. Fletcher*, 522 U.S. 119, 122-31
25 (1997).
26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

6

**AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

The only Del Norte County Defendant specifically identified in the Amended Complaint is A.C. Field, an investigator with the Del Norte District Attorney office. The sole allegation is that A.C. Field failed to include a symbol, a "smiling smiley," in the affidavit for search warrant and arrest warrant presented to Judge Weir. (See, Exhibit B to Declaration of John Gimbel, filed with Amended Complaint). Plaintiff previously alleged in his initial complaint that Exhibit A to his complaint is an exact copy of his Internet posting, which includes the *face with sunglasses*. (See, Complaint, Exhibit A). Even assuming this symbol was not included in the affidavit of A.C. Field, there are no facts alleged to suggest that the warrant would have been invalidated. In fact, the presence of sunglasses suggests an underlying sinister motive. Therefore, common sense dictates that the inclusion of this symbol would only have provided Judge Weir with more evidence to find probable cause.

A facially valid warrant is presumptive evidence of probable cause. *Franks v. Delaware,* 438 U.S.154, 171 (1978). To overcome this presumption of probable cause, there must be a "substantial showing" that the warrant affiant "intentionally or recklessly" omitted or misrepresented material facts. *Id; Lombardi v. City of El Cajon,* 117 F. 3d 1117, 1123 (9th Cir. 1997). In the case of omitted information, the plaintiff must make a "substantial showing" that the omitted information was "material" to a finding of probable cause. *U. S. v. Chavez-Miranda,* 306 F.3d 973, 979 (9th Cir. 2002), citing *U.S. v. Kiser,* 716 F.2d 1268, 1271 (9th Cir. 1983). The omitted material is immaterial if, when the omitted facts are inserted into the Affidavit, probable cause remains. *Id.*

In the present case, the plain text of the Internet posting provided an ample basis to find probable cause. (Id.) Plaintiff directed a specific threat to a specific individual, i.e. Police Chief Plack, as well as other officers in his department. The threat specifically invokes grave bodily harm or death, e.g., "breeze away to dust the skull of the police

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

1  chief," "make an example of that scum," and "if any other piggos down at the station give
2  you crap on this or get in your way, then blow their skulls off too." (Id.) There is
3  nothing equivocal about this language, and the inclusion of a symbol with sunglasses
4  would have done nothing to diminish the seriousness of this threat. For these reasons, it
5  is respectfully submitted that had A.C. Field included this graphic in the affidavit; and,
6  assuming he had the technical ability on his typewriter or computer, it would not have
7  negated the finding of probable cause.

8      Plaintiff's "amended complaint" mentions the ultimate reversal of his conviction
9  by an appellate panel consisting of three judges from the superior court of California.
10 (See, Exhibit A to Declaration of John Gimbel, filed with Amended Complaint). The
11 People of the State of California did not file any opposition to this appeal, and the matter
12 was considered only on plaintiff's opening brief and the record on appeal. (Id., Exhibit
13 A, p.1). There is no discussion in this opinion of the validity of the search and arrest
14 warrants.

15     Therefore, even construing plaintiff's "amended complaint" in the best possible
16 light for plaintiff, it fails to state a claim for relief against defendant A.C. Field. Plaintiff
17 has alleged no facts to show that District Attorney investigator A.C. Field intentionally or
18 recklessly omitted a material fact from the affidavit for a search and arrest warrant.
19 Plaintiff fails to allege facts to overcome either the absolute prosecutorial immunity of
20 the District Attorney Defendants or the qualified immunity provided over functions
21 involving administrative and investigatory matters. As is discussed above, plaintiff also
22 has failed to state any claim for relief against any defendant.

23     In the order granting the Del Norte County Defendant's motion to dismiss, the
24 court directed plaintiff to "file an Amended Complaint to properly allege claims, if any,
25 against Sheriff Department Defendants. Plaintiff's Amended Complaint should allege,
26 with specificity, how each Sheriff Department Defendant's action or inaction deprived

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

8

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

him of his constitutional rights." Plaintiff also failed to comply with this portion of the court's order. Likewise, plaintiff has not alleged facts showing that the County of Del Norte had a formal policy that amounted to deliberate indifference to Plaintiff's constitutional rights, which was moving force behind the constitutional violations. Hence, no *Monell* claim is alleged.

## V.    CONCLUSION

For all of the above-stated reasons, plaintiff's purported Amended Complaint should be dismissed with prejudice.

DATED: July 27, 2007                    MITCHELL, BRISSO, DELANEY & VRIEZE

By: _____
John M. Vrieze
William F. Mitchell
Attorneys for Defendants

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

9

AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Humboldt, over the age of eighteen years and not a party to or interested in the within entitled cause, my business address is 814 Seventh Street, Eureka, California.

On this date, I served the following documents:

**AMENDED NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

__xx__  By placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and mailing on this date and at the place shown, to the party(ies) and at the address(es) set forth below. I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, they are deposited in the ordinary course of business with the United States Postal Service at Eureka, California.

_____  By personally delivering a true copy thereof to the party(ies) and at the address(es) as set forth below.

_____  By personally faxing a true copy thereof to the party(ies) and at the facsimile number(s) as set forth below.

I declare under penalty of perjury that the foregoing is true and correct. Executed July 27, 2007, at Eureka, California.

Micalyn Harris

John Gimbel
225 Brevus Street
Crescent City, CA 95531

MITCHELL, BRISSO, DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502