1  WILLIAM D. AYRES, SBN: 098901
   HARR, ARTHOFER & AYRES
2  1415 COURT STREET
   REDDING, CALIFORNIA 96001
3  TELEPHONE: (530) 229-1340
   FACSIMILE:  (530) 229-1345
4
   Attorneys for Defendants CITY OF CRESCENT CITY
5  (erroneously sued herein as CRESCENT CITY POLICE
   DEPARTMENT), DANA RENO, DOUGLASS PLANK,
6  JAMES HOLT, and FRITZ LUDERMAN

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN GIMBEL,                              Case No.   C-07-00113 SBA

12             Plaintiff,                     NOTICE OF MOTION AND
                                              MEMORANDUM OF POINTS AND
13  vs.                                       AUTHORITIES IN SUPPORT OF
                                              MOTION TO DISMISS AMENDED
14  STATE OF CALIFORNIA, DEL NORTE            COMPLAINT
    COUNTY SHERIFF'S DEPARTMENT,
15  JERRY HARWOOD, BILL STEVEN,               Date:   September 25, 2007
    GENE McMANUS, MELANIE BARRY,              Time:   1:00 p.m.
16  DANA RENO, ROBERT BARBER, ED              Courtroom No.:   3, 3rd Floor
    FLESHMAN, CRESCENT CITY POLICE
17  DEPARTMENT, DOUGLASS PLACK,
    GREG JOHNSON, JAMES HOLT,
18  CALEB CHADWICK, THOMAS BURKE,
    DEL NORTE DISTRICT ATTORNEY,
19  KEITH MORRIS, AC FIELD, MICHAEL
    RIESE, DARREN McELFRESH, and
20  FRITZ LUDERMAN,

21             Defendants.

22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       Please take notice that on Tuesday, September 25, 2007, at 1:00 p.m., or as soon

25  thereafter as the parties may be heard, defendants CITY OF CRESCENT CITY

26  (erroneously sued herein as CRESCENT CITY POLICE DEPARTMENT), DANA RENO,

27  DOUGLASS PLANK, JAMES HOLT, and FRITZ LUDERMAN (hereinafter "defendants"),

28  will move this Court, at the United States Courthouse, Oakland Division, located at 1301

---

Clay Street, Suite 400S, Oakland, California, Courtroom 3, through its undersigned attorney, for dismissal of the Amended Complaint of plaintiff JOHN GIMBEL on the following grounds:

1. 12(e) – For a more definite statement as plaintiff's Complaint contains so much vague and ambiguous material a defense cannot be formulated.

2. 12(f) – To strike plaintiff's Complaint as plaintiff's Complaint contains irrelevant and argumentative material.

3. 12(b)(6) – The Amended Complaint fails to state a valid cause of action as to these moving defendants.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the prior Motion to Dismiss filed by these responding defendants, the Court's Order dated June 22, 2007, and the pleadings and papers on file in this action.

Dated:   July 27, 2007                         Respectfully submitted,

                                               HARR, ARTHOFER & AYRES


                                               _____
                                               WILLIAM D. AYRES
                                               Attorneys for Defendants CITY OF
                                               CRESCENT CITY (erroneously sued herein as
                                               CRESCENT CITY POLICE DEPARTMENT),
                                               DANA RENO, DOUGLASS PLANK, JAMES
                                               HOLT, and FRITZ LUDERMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

This case arises from plaintiff's threat against members of Del Norte County Law Enforcement, specifically, defendants Chief DOUGLASS PLACK and defendant CRESCENT CITY. Plaintiff advocated killing the police chief and any officer who got in the way. After an investigation, a warrant was obtained and executed by defendants. Plaintiff alleges he was arrested and charged with Penal Code section 71.

## II

## PROCEDURAL POSTURE

On or about January 8, 2007, plaintiff filed his original Complaint in this action. All of the defendants, including the City Defendants, moved to dismiss the Complaint on various grounds.

On or about June 22, 2007, the Court granted the Motion to Dismiss by the City Defendants. The Court's "Order Granting Defendant's Motion to Dismiss" included a detailed discussion of the pleadings and applicable law. The Court specifically ordered that the plaintiff would be allowed thirty (30) days to file an Amended Complaint properly alleging claims, if any, against the City Defendants. [Court Order, June 22, 2007, p. 9:6-17]

On or about June 12, 2007, plaintiff filed a six (6) page document entitled "Amended Complaint." These responding defendants do not believe the Amended Complaint properly alleges a valid cause of action. Accordingly, defendants hereby bring this motion seeking an order of dismissal without leave to amend.

## III

## PLAINTIFF'S ENTIRE COMPLAINT SHOULD BE STRICKEN AS ARGUMENTATIVE, VAGUE, AMBIGUOUS, AND UNINTELLIGIBLE

Federal Rules of Civil Procedure, Rule 8, requires a complaint be a short and plain statement of grounds for relief. Federal Rules of Civil Procedure, Rule 12(e) and 12(f) provide for motions to strike and/or a more definite statement when a complaint does not

comply with Rule 8. When a complaint is vague, ambiguous, argumentative, or full of immaterial matter, it should be stricken and a plaintiff should be required to provide a more definite statement supporting his claim.

In *Martin v. Hunt* (1961) 28 F.R.D. 35, the Court considered a motion to strike the entire complaint. The Court concluded a complaint consisting of allegations that were argumentative, redundant, and verbose was subject to a motion to strike pursuant to subsection 12(f). *Id.* at 36. The Court recognized the reluctance to strike an entire complaint, but held when a complaint is so severely in conflict with the rules of civil procedure, the complaint should be stricken and plaintiff should be compelled to comply with Rule 8 by providing a plain and short statement showing entitlement to relief. *Id.* (See also *Global View LTD Venture Capitol v. Great Central Basin Exploration* (2003) 288 F. Supp.2d 473, 481, holding statements calling defendants unscrupulous con artists should be stricken.)

These moving defendants respectfully submit that the entire Amended Complaint is full of objectionable, offensive, and irrelevant allegations. When objectionable material is so pervasive that it permeates the Amended Complaint, the entire Amended Complaint should be stricken. Accordingly, these moving defendants hereby request the Court dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure, Rules 8, 12(e) and/or 12(f).

**IV**

**THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE ANY COGNIZABLE CLAIM FOR RELIEF**

These moving defendants also seek dismissal of the action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). Rule 12(b)(6) provides that a defendant may respond to a complaint by moving to dismiss when there has been a "failure to state a claim upon which relief can be granted. . . ." [FRCP 12(b)(6)] *Schwarzer, et al.*, Federal Civil Procedure Before Trial, §9:189 (1994), citing *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363 366 (S.D.N.Y. 1966), *In re Baker*, 66 BR 652, 653 (D. Nev. 1986).

1    Dismissal under Rule 12(b)(6) should be granted when the facts alleged would not
2  entitle a plaintiff to any form of legal remedy.  Thus, a Rule 12(b)(6) dismissal is proper
3  where there is either "lack of cognizable legal theory" or "the absence of sufficient facts
4  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696,
5  699 (9th Cir. 1990); se also, *Conley v. Gibson*, 355 U.S. 421, 445-46 (1957); *De La Cruz
6  v. Toomey*, 582 F.2d 45, 48 (9th Cir. 1978).

7    Per the Court's Order Granting Defendant's Motion to Dismiss, plaintiff was allowed
8  leave to amend to properly allege claims against the individual City Defendants as well as
9  the CITY OF CRESCENT CITY.  Despite the Court's Order, the Amended Complaint does
10 not contain allegations supporting claims against the individual City Defendants or the
11 public entity itself.  The closest the Amended Complaint comes to making allegations
12 against City Defendants can be found at page 3:17-26.

13   At page 3:17-26, the Amended Complaint casts an insult against the Court and then
14 announces, "Here's the dope on most of the defendants, one by one."  Following that
15 announcement, the pleading only states the following allegations against these moving
16 defendants:

> "PLACK
> Plack declares himself the victim in the PC 71 'threat' charges that goes forth, but know the exact speed as was painted would never happen.  He is also the initiator and demand that the claimant be (illegally) arrested. He is a VIOLATION against speech.  He is therefore the EPITOME of violence (or stupidity) against the first amendment, and this kind of violating shit, for whatever reason, and the hellish years it caused WILL be recompensed."   [Amended Complaint, p. 3:19-26]

22   With regard to stating a claim against the City, the Amended Complaint sarcastically
23 addressed Monell issues noted by the Court as follows:

> "'Policy and custom'!'  Who the fuck are you deceiving or kidding with, nigger boy? You want the people now to have the power to go out and kill a copy, and unless they kill 1 more or several more, they're A-ok because it's not a custom and a policy?"
> [Amended Complaint, p. 2:23-26]

27   These moving City Defendants contend the Amended Complaint fails to allege a
28 valid claim. Rather than clarifying claims being made, plaintiff has clearly used the leave

---

1 granted by this Court as a means to cast insults at the Court. Accordingly, this Motion to
2 Dismiss should be granted without leave to amend.

### V

### THE AMENDED COMPLAINT SHOULD BE SUMMARILY DISMISSED WITHOUT LEAVE TO AMEND ON ACCOUNT OF THE OUTRAGEOUS AND IRRELEVANT ALLEGATIONS CONTAINED THEREIN

While it is true that pro se complaints are held to a less stringent standard than formal pleadings drafted by attorneys, pro se litigants must follow the same general rules of procedure that govern other litigants. See *Haines v. Kerner*, 404 U.S. 519 (1972); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Brown v. Rumsfield*, 211 F.R.D. 601, 605 (N.D. Cal. 2002).

Rather than filing an amended pleading designed to correct the defects noted by this Court, plaintiff chose to file an Amended Complaint which was inundated with insults and allegations designed to impugn the integrity of the Court. Pro se litigant or no pro se litigant, the Amended Complaint filed by plaintiff in this case deserves to be dismissed because it is nothing more than an abusive document designed to disrupt the proceedings.

In *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 839-41 (10th Cir. 2005), the Court's power to dismiss a pleading in this type of situation was upheld. Dismissing an appeal filed by a pro se plaintiff, the Court noted, "Plaintiff's briefs on appeal do little more than attempt to impugn (without basis) the integrity of the District Court. Such writings are intolerable, and we will not tolerate them." *Id.,* p. 839-841.

In *Phillips v. Carey*, 628 F.2d 207, 208 (10th Cir. 1981), the inherent power of a Court to mandate order and respect in the face of an abusive pleading was upheld. In that case, the Court stated, "If the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Id*., p. 208.

///
///
///

## XII

## **CONCLUSION**

Plaintiff was granted thirty (30) days leave to amend his Complaint to state valid causes of action. Rather than filing an amended pleading pursuant to this Court's Order, plaintiff chose to file a document which does not allege a valid cause of action and is inundated with outrageous insults directed to this Court and the parties. Accordingly, these moving defendants request the Court grant the Motion to Dismiss without leave to amend.

Dated:  July 27, 2007                                HARR, ARTHOFER & AYRES


_____
WILLIAM D. AYRES
Attorneys for Defendants CITY OF CRESCENT CITY (erroneously sued herein as CRESCENT CITY POLICE DEPARTMENT), DANA RENO, DOUGLASS PLANK, JAMES HOLT, and FRITZ LUDERMAN

*Gimbel v. Crescent City Police Department*
Case No. 3:07-CV-00113 MJJ

# PROOF OF SERVICE

I am a citizen of the United States and employed in Shasta County, California; I am over the age of eighteen years and not a party to the within action; my business address is 1415 Court Street, Redding, California 96001.

I am familiar with this Company's practice of placing its daily mail, with postage prepaid thereon, in a designated area for deposit in a U.S. mailbox in the City of Redding, California, after the close of the day's business. On the date shown below, I served:

**NOTICE OF MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

__X__      by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, and placing said envelope in the area designated for outgoing daily mail, addressed as follows:

_____      by personally delivering a true copy thereof to the person at the address set forth below:

_____      by transmitting a true copy thereof via fax to the person(s) and at the fax number(s) set forth below:

**John Gimbel
225 Brevus Street
Crescent City, CA 95531**
*In Pro Se*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of July, 2007, at Redding, California.

_____
Janeen G. Bogue

1060