1 | John Gimbel, in pro se
2 | 225 Brevus Street
  | Crescent City, CA 95531
3 | Tel: (707) 464-5908

4 | William Ayres, CSB # 98901
5 | Harr, Arthofer & Ayres
  | Attorneys at Law
6 | 1415 Court Street
  | Redding, CA 96001
7 | Tel: 530-229-1340
  | Fax: 530-229-1345
8 | Attorney for Defendant City
9 | Of Crescent City

10 | John M Vrieze, CSB #115397
   | William F. Mitchell, CSB #159831
11 | MITCHELL, BRISSO, DELANEY & VRIEZE
   | Attorneys at Law
12 | 814 Seventh Street
   | P. O. Drawer 1008
13 | Eureka, CA 95502
   | Tel: (707) 443-5643
14 | Fax: (707) 444-9586

15 | Attorney for Defendants County of Del Norte,
   | Jerry Harwood, Bill Steven, Gene McManus,
16 | Melanie Barry, Robert Barber, Ed Fleshman,
   | Keith Morris, A.C. Field, District Attorney
17 | Michael Riese, Darren McElfresh

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL, | CASE NO.: C 070113 SBA |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| vs. | |
| STATE OF CALIFORNIA, DEL NORTE COUNTY SHERIFF'S DEPARTMENT, JERRY HARWOOD, BILL STEVEN, GENE McMANUS, MELANIE BARRY, DANA RENO, ROBERT BARBER, ED FLESHMAN, CRESCENT CITY POLICE | Date: September 25, 2007<br>Time: 1:00 p.m.<br>Dept.: Ctrm 3, 3rd Floor. |

1

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1  DEPARTMENT, DOUGLASS PLACK,
   GREG JOHNSON, JAMES HOLT,
2  CABLEB CHADWICK, THOMAS
   BURKE, DEL NORTE DISTRICT
3  ATTORNEY KEITH MORRIS, AC
   FIELD, MICHAEL RIESE, DARREN
4  McELFRESH, and FRITZ LUDERMAN,

5       Defendants.

6  _____

7       The parties submit the following as their Joint Case Management Statement in the
8  above-entitled action.

## DESCRIPTION OF CASE

1. **Underlying Events:**

**According to Plaintiff:**

On April 4, 2004, plaintiff John Gimbel posted a message on an Internet Community Forum for the City of Crescent City, CA. The subject and body of this Internet posting read as follows:

> "Subject: Just got a $5 parking ticket. Need to deputize C.City, fix up piggo.
>
> Name: Chris, Elks Lodge
>
> Date: Apr 4, 04-4:25 PM
>
> Just got a $5 parking ticket. The Crescent City piggy-wiggly
> that gave it to me looked a little over-zealous. That's a drag. I'm
> hereby deputizing all of the citizens of Crescent City to fix up some
> of these f*ck up piggos. Grab those hi-powered deer rifles, each
> and every, and get in groups of 50 and more and go breeze away to
> dust the skull of the police chief.
> Make an example of that scum. That should do it for awhile.
> However, if any other piggos down at the station give you crap on
> this or get in your way, then blow their skulls off, too."
>
> See everybody at the next Elks meeting.
> (Big smiling, yellow smiley below posting)"

Agent Harwood read this message on the Community Forum. The information was ultimately relayed to Crescent City Police Chief Douglass Plack. Defendants contend that Chief Plack considered the electronic message to be a solicitation "in the commission of committing murder of police officers with a deadly weapon." An investigation commenced and it was learned that the Internet posting had been made by plaintiff. After completing a background check and considering the facts, the Del Norte County District Attorney's office was contacted about this threat. After the investigation, defendant A. C. Field, an investigator with the Del Norte County District Attorney's office, sought a warrant for the arrest of John Gimbel and a warrant to search plaintiff's residence.

On April 8, 2004, Judge Robert W. Weir, Judge for the Superior Court of the State of California, County of Del Norte, signed a warrant for the arrest of plaintiff and he also signed a search warrant, ordering the search of plaintiff's residence at 225 Brevus Street, Crescent City, CA.

Officers from the Del Norte County Sheriff's Department and from the Crescent City Police Department assisted in executing the arrest and search warrants. Plaintiff was arrested April 8, 2004. A search of his residence led to the discovery of firearms, computers, and other evidence, which was secured and booked into the evidence room at the Del Norte County Sheriff's Department.

May 6, 2004, a criminal complaint was filed against plaintiff, alleging two misdemeanor counts. After the denial of a motion to dismiss, the case proceeded to a

jury trial on September 26, 2005. Plaintiff was convicted, and sentencing occurred October 27, 2005.

Plaintiff appealed his criminal conviction and on June 17, 2006, he was acquitted.

The speech was declared protected in a unanimous verdict of 3 panel judges, one of the judges being in fact, Weir, who had written the warrant. This is in far excess of "favorable termination."

Plaintiff filed this action on January 8, 2007. All Del Norte County defendants and the City of Crescent City have pending motions to dismiss amended complaint, currently set for hearing on Sept. 25, 2007. The heading of plaintiff's complaint states claims for relief based upon violation of his First Amendment rights, violation of the Second Amendment, false arrest and malicious prosecution and State tort Causes of Action of battery, assault, false arrest, intentional infliction of emotional distress, damage to personal property, conversion of personal property, invasion of privacy, and trespass.

Where defendants now go to describe "their underlying events," they can and will be held criminally liable for taking speech out of context. If a man says, "She said, 'I shot him dead,' " do you arrest the man who spoke the whole sentence in double quotes on the phrase alone, {quoting another} 'I shot him dead.'? *You see the exact danger of taking anything out of context. It was the woman who confessed it, not the man, in the expression.* Notice the goddamn defendants pretending to quote the subject speech, below, **leaving out subject, time, name of speaker in forum, especially the smiling smiley, emoticon**. They're crazy, man. You don't do that to the First Amendment, or this speaker, buddy. Let these literary deadheads, snakes, pay the full sum. Seize them, court,

4
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

for criminal assaults against the First Amendment of the United States of America, inclusive to their deliberate and willful destruction of evidence, as plaintiff's presentation of fact and evidence has shown.

**According to Del Norte County Defendants and Crescent City Defendants:**

This action arises from plaintiff's arrest on April 8, 2004, and a search of his residence on that date, by Officers from the Del Norte County Sheriff's Department and from the Crescent City Police Department, following an internet posting by the plaintiff on April 4, 2004, in pertinent part as follows:

> "Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me looked a little over-zealous. That's a drag. I'm hereby deputizing all of the citizens of Crescent City to fix up some of these f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the police chief.
> Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in your way, then blow their skulls off, too."

See everybody at the next Elks meeting.

A criminal complaint was filed against plaintiff, alleging two misdemeanor counts. Plaintiff was convicted, and sentencing occurred October 27, 2005.

Plaintiff appealed his criminal conviction, and on June 17, 2006, he was acquitted.

Plaintiff filed his initial complaint in federal court on January 8, 2007, alleging claims for relief based upon violation of his First Amendment rights, violation of the Second Amendment, false arrest and malicious prosecution and State tort Causes of Action for battery, assault, false arrest, intentional infliction of emotional distress, damage to personal property, conversion of personal property, invasion of privacy, and trespass.

Motions to dismiss the complaint were filed by all defendants. On June 22, 2007, the court, the Honorable Judge Martin Jenkins presiding, entered its order granting defendants' motions to dismiss, with leave to amend.

On July 12, 2007, plaintiff filed a document entitled "Amended Complaint." Judge Jenkins thereafter recused himself from the case. Defendants filed new motions to dismiss, which are currently scheduled to be heard on September 25, 2007.

2. **Principal Factual Issues Which The Parties Dispute**

**Plaintiff's Contentions:**

Plaintiff contends Quack-the-Plack, pretended "victim," sole person that kept the whole charges running and incited against plaintiff for years and years, and his cop-thug-goons, and bed-whoring malicious prosecutor and courts of Crescent Buttsky City are mentally bereft pertaining to First Amendment-anything. Plack himself admitted three times at trial the posting as expressed, using "50 and more," would never happen. **It took this crackpot, insane pile of goons and system in this Okie town _nearly a year more after that_ of murdering plaintiff's soul, time and money, to declare it protected.** There it hangs, on the wall, the posting...the head goon himself: "would never happen." **And this is seen not in dispute; it's on the record (exh. D in complaint).** Recompense, please.

Plaintiff contends perfectly ZERO probable cause. Even the so called victim's statements admit fully there was exactly none under the merest of First Amendment awareness, analysis and jurisprudence.

Plaintiff contends A.C. FIELD'S, a sly cog in the gestapo rig, the whole thing undoubtedly set up this way so they'd only "lose 1 man" when purging citizens for First

Amendment, (Cambridge Dict. online: "**purge** (REMOVE PEOPLE)   Show phonetics verb [T] to get rid of people from an organization because you do not agree with them:"), should the fish bite back with a civil suit (the discovery of criminal goon cops will go deeper than that, though)...<u>A.C. FIELDS deliberately destroyed evidence, hiding the posting's smiling smiley from the judge when he pretended to seek a warrant</u>. **This destruction of evidence is seen not in dispute; it's shown precisely in the record of the so called affidavit FIELDS handed to the judge** {exhibit B, declaration of John Gimbel filed July 12, 2006}.

    Plaintiff contends the above 2 lies, criminal acts and criminal going against the First Amendment were then allowed to allow Murphy's Law to accumulate atrocity after atrocity, year over year by the system against plaintiff (plaintiff hereby incorporates by this reference, as though fully set forth herein, his entire complaint; also, incorporates plaintiff's opposition brief to Vrieze's motion to dismiss, here).

    Plaintiff contends that defendants are trying to pass gas and trash on "facially valid" pertaining to warrants. They would like plaintiff to be hypnotized to believe that "facially valid" means assuming "a certain correctitude" about one's government, then reconciling to be one of those people who likes having their lives ripped out for nothing year over year, atrocities mounting by the days, then being set to reviling enslavements, who are forced then also year over year to stand around the unusual lengths then undefended to the world, among other atrocities, and all this for absolutely no reason. This is something WTC jumpers may have wished on bin Laden. Gimbel's loco-local little goddamn goody-little-boys, "good" sheriff or gov., are not excused for treating

Gimbel this way for clearly allowable speech (protected) then trying to excuse themselves, pass the buck, as if "facially" ok. These shitmouths and their overall "rig" are facially NOT OK by me, period.

    Plaintiff contends yet...Hey, what do you expect me to say? My life has been put on hold for 3 years now for nothing. Such length has already perpetuated the final chilling of speech for the lifetime and all futures now .Additionally, I have nothing to live for, never did have for nearly 4 years now, day after tired day, since the day of infamy by these Satan goon-cops, the whole while by certain design, for even if I win this case, according to one request in complaint, any award from these Satan-goon acts will be burned in the burn barrel.

    Plaintiff contends yet...And, as a final consideration, I make it very clear that, if I were guaranteed a judge were to read and have read...the guy who almost has the power to orchestrate victory to a side...judge were to read VERY carefully all of my complaint, my oppositions to motions, all brief submission, I would have ABSOLUTELY kept this case management statement to unusually terse minimums...for all of my statements, evidence, torts, allegations, descriptions, materialities and relevancies are sufficient in complaint and briefs. But there's no such guarantee that I've ever been aware of--and I'm looking hard--and we have no way of knowing if some judge may think he's strapped for time and decides to kind of just hover and go with the management statement without paying any attention to the rest.

    Plaintiff contends yet...The deal there is we simply don't know the "habits" of a judge. Where the possibility exists that he never reads much of anything regarding the case, but reads mostly only the "compression" in such as this case management statement--that, simply, won't do. It's because, with any terse, bland, issue-dispute

1  statements therein, that judge--given certain habit--would never even begin to
2  comprehend the scope of the criminal acts by the defendants that befell claimant. Or that
3  their illegal rip out of me for year over year that has riled my hormone tree right out of its
4  bag into the drain.
5        Plaintiff contends yet...Hence, mechanically, some judge strapped for time might
6  tend to overly-rely for his view of the case on the management statement, and would
7  completely, sir, miss, in my opinion, what this case really entails. I am attentive and
8  diligent that such possibilities simply WILL NOT happen in getting justice against these
9  satan-goon defendants. Hence, as you see, some comments here...on that possibility.... I
10 am the lawyer for the plaintiff, and this is a considered, strategic decision.
11       Plaintiff reveals the Del Norte defendants, all defendants, in an earlier draft of the
12 CMC statement, contended:
13       "The Del Norte County defendants contend that proper procedures were
14       followed for the issuance of the arrest warrant and search warrant. Defendants
15       contend that the arrest and search warrants were properly issued by Judge Weir,
16       and that the defendants who were involved in plaintiff's arrest and the search of
17       his residence acted properly and pursuant to the warrants."
18       Plaintiff's facts and evidence which he has shown continue to make the above
19 statement by defendants dead wrong, and that their criminal assaults against the First
20 Amendment, by same facts and evidence, must be recompensed in full.
21       Plaintiff reveals the Del Norte defendants, also, all defendants, in the same earlier
22 draft of the CMC statement, contended:
23       "The Del Norte County defendants also contend that individuals
24       associated with the Del Norte County District Attorney's office are immune
25       from liability because they were acting within their prosecutorial capacities.
26

These defendants also contend that there is no <u>Monell</u> liability as to the County of Del Norte and that the facts show plaintiff's State Tort claims are untimely."

It simply does not suffice to try to "build up," overlook, sweep under the rug, by any means, the criminal assaults against the First Amendment which defendants acted out under guise of authority,. as the defendants ploy here with. These assholes must be accountable IS SELF-EXPLANATORY IN THE EVIDENCE WHICH PLAINTIFF HAS PRESENTED. If there is not recompense, plaintiff and all whom he should designate, have no choice but seccession, "impunity," immunity, independence and sovereignty in the face of, against the face of as neccessary, every governmental body contiguous with or under the United States of America, and into all future settings--can become the only logical outcome of such pure, self-aggrandizing criminal assaults against the First Amendment which defendants have conducted.

**According to Del Norte County Defendants and Crescent City Defendants:**

These defendants submits that plaintiff's Amended Complaint contains no discernable factual or legal issues, and fails to allege any cognizable claim for relief.

3.  **Principal Legal Issues Which Are In Dispute**

**According to Plaintiff:**

(Plaintiff's note: the following, a. through k., were, in fact defendants' draft-creation in an earlier, April draft of a CMC statement. It was under the title, exactly as: "**Principal Legal Issues Which Are In Dispute**," and comprised the exact defendants' created items in dispute. Upon reading same in that draft, plaintiff made notations to it which appear here in ***bold italics*** (in a. through k., below): Thus, the following is defendants' earlier creation with plaintiff's suggestions in ***bold italics***:

a. Whether probable cause existed for the issuance of the arrest and search warrants. *(Plaintiff would strike "a.," saying clear case of ZERO probable cause.)*

b. Whether the Del Norte County District Attorney defendants are absolutely immune from suit based upon prosecutorial immunity.

c. Whether the Eleventh Amendment bars claims against the Del Norte County District Attorney defendants.

d. Whether the Del Norte County Sheriff Department defendants and other who assisted in the execution of the arrest and search warrants deprived plaintiff of his constitutional rights.

e. Whether plaintiff's arrest and the search of his residence was undertaken pursuant to facially valid warrants.

f. Whether the defendants are entitled to qualified immunity.

g. Whether the County of Del Norte and/or City of Crescent City had a custom or policy of deliberate indifference to plaintiff's constitutional rights.

h. Whether plaintiff's State law claims are barred by the statute of limitations.

i. Whether plaintiff can state State Tort Causes of Action for battery, assault, false arrest, intentional infliction of emotional distress, damage to personal property, conversion of personal property, invasion of privacy, and trespass.

*"j" IS DELELTED AS THE SPEECH WAS RULED PROTECTED, SIGNED UNANIMOUS ON JUNE 14, 2006. {Plaintiff also believes the federal court*

*should now produce their own opinion of the subject speech pertaining to the First Amendment, forward to this case.}*

    k.    The nature and extent of plaintiff's damages.

**According to Del Norte County Defendants and Crescent City Defendants:**

The Del Norte County defendant submits that plaintiff's Amended Complaint contains no discernable factual or legal issues, and fails to allege any cognizable claim for relief.[1]

4. **Other Factual Issues Which Remain Unresolved For The Reasons Stated Below And How The Parties Propose To Resolve Them**

To date, not all defendants have been personally served with the complaint. The Del Norte County defendants have voluntarily appeared as part of their motion to dismiss. Plaintiff intends to complete service of process on ALL defendants.

The parties are not aware of any other issues of subject matter jurisdiction or venue which remain unresolved.

5. **The Parties Which Have Not Been Served And The Reason**

GREG JOHNSON: unable to locate whatsoever.

JERRY HARWOOD: has apparently just moved from a formerly known address; unknown at present where moved to; still working on it.

---

[1] Plaintiff objects that this exact paragraph preceding the footnote is exactly repeated by defendants earlier, on pg. 10, lines 14, 15.

6. **The Additional Parties Which The Below Specified Parties Intend To Join And The Intended Timeframe For Such Joinder**

The parties do not intend to add any additional parties to this action at the current time.

7. **The Following Parties Consent To Assignment Of This Case To A United States Magistrate Judge For Trial**

At this time, plaintiff has not consented to the assignment of this case to a United States Magistrate Judge for either court or trial. Therefore, the case was reassigned to Judge Jenkins on or about February 21, 2007. Following recusal by Judge Jenkins, the case was reassigned to Judge Armstrong

## ALTERNATIVE DISPUTE RESOLUTION

8. **ADR Process To Which The Parties Have Been Assigned**

The parties intend to have an ADR phone conference to discuss alternative dispute resolution. At present, the Del Norte County defendants and City of Crescent City defendants are willing to participate in mediation.

## DISCLOSURES

9. **The Parties Certify That They Have Made The Following Disclosures**

By stipulation of the parties and pursuant to Rule 26f, the parties have made their initial disclosures under Rule 26(a)(1)(a-d) on or before April 11, 2007.

# DISCOVERY

10. **The Parties Have Agreed To The Following Discovery Plan**

a. Until all defendants have been served and until the court hears the pending motions to dismiss, the parties wish to defer formal discovery.

b. With regard to any remaining defendants, it is anticipated that these defendants will serve plaintiff with contention interrogatories and request to produce documents. Subsequent interrogatories and requests to produce documents may then be served as a follow-up to this initial discovery.

c. Defendants will take the deposition of plaintiff and any witnesses identified by plaintiff who are non-parties to this action.

d. The parties are unable to anticipate what experts will be needed at the current time.

e. At the conclusion of discovery, any remaining defendants anticipate filing motions for summary judgment.

f. The parties request the court to schedule a further case management conference after the pleadings are at-issue and after all motions to dismiss have been heard by the court.

# TRIAL SCHEDULE

11. **The Parties Request Trial Date As Follows**

The parties believe it is premature to set this case for trial at this time.

12. **The Parties Expect That Trial Will Last For The Following Number Of Days**

1  The parties believe it is premature to estimate the time of trial. Plaintiff has
2  demanded a jury trial. It is anticipated that any remaining defendants who answer the
3  complaint will also request a jury trial.

DATED: September ___, 2007    By:_____
                                John Gimbel, Plaintiff, In Pro Per

(Plaintiff would like to note he was rushed on this CMC statement, and, because of extremely impeding health, could have used a good week more to perfect it.)

DATED: September ___, 2007         HARR, ARTHOFER & AYRES

                                   By:_____
                                   Attorneys for Defendant City of Crescent City

DATED: September 17, 2007          MITCHELL, BRISSO, DELANEY & VRIEZE

                                   By:_____
                                   Attorneys for Defendant County of Del Norte

## CASE MANAGEMENT ORDER

The case management statement and proposed order is hereby adopted by the court as the court management order for the case and the parties are ordered to comply with this order. In addition, the court orders:

DATED: _____           _____
                                   United States District Judge