**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL, | |
|     Plaintiff, | No. C 07-0113 SBA |
| vs. | **ORDER** |
| STATE OF CALIFORNIA, DEL NORTE COUNTY SHERIFF'S DEPARTMENT, JERRY HARWOOD, BILL STEVEN, GENE McMANUS, MELANIE BARRY, DANA RENO, ROBERT BARBER, ED FLESHMAN, CRESCENT CITY POLICE DEPARTMENT, DOUGLASS PLACK, GREG JOHNSON, JAMES HOLT, CALEB CHADWICK, THOMAS BURKE, DEL NORTE DISTRICT ATTORNEY, KEITH MORRIS, AC FIELD, MICHAEL RIESE, DARREN McELFRESH, and FRITZ LUDERMAN, | |
|     Defendants. | |

On January 8, 2007, plaintiff John Gimbel filed his original Complaint in this action. All of the defendants moved to dismiss the Complaint on various grounds. On June 22, 2007, the Court granted the Motions to Dismiss. *See* Docket Nos. 49 & 50. The Court's Order included a detailed discussion of the pleadings and applicable law, and specifically allowed Gimbel 30 days to file an Amended Complaint properly alleging claims, if any, against the defendants. On July 12, 2007, plaintiff filed a 6-page document entitled "Amended Complaint." Docket No. 52.

Judge Jenkins recused himself from this case on July 23, 2007, and the case was reassigned to this Court. *See* Docket Nos. 55 & 56. The defendants have moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court need not look past the first sentence of Gimbel's "Amended Complaint" to see that it is nothing more than profanity-ridden drivel, replete with racial epithets directed at specific members of this Court, and should be dismissed with prejudice. Even if the "Amended Complaint" actually alleged a cognizable claim (which a cursory review of the document demonstrates that it does not), the Court is under no obligation to consider the merits of Gimbel's calumnious screed, which is a stream-of-consciousness diatribe directed primarily at insulting the Court.

While it is true that pro se complaints are held to a less stringent pleading standard than attorneys, pro se litigants must follow the same general rules of procedure and decorum that govern other litigants. *See Haines v. Kerner*, 404 U.S. 519 (1972); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Brown v. Rumsfield*, 211 F.R.D. 601, 605 (N.D. Cal. 2002). The Amended Complaint filed by Gimbel is an abusive document designed to insult the Court, and will be dismissed under the Court's inherent powers to summarily dismiss abusive pleadings.

"Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir.1993). Accordingly, "if the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981). Particularly apposite here, the court in *Theriault v. Silber*, 579 F.2d 302 (5th Cir.1978) dismissed an appeal with prejudice because the appellant's notice of appeal contained "vile and insulting references to the trial judge." Although recognizing the leniency typically given to pro se plaintiffs, the court stated, as is apt here: "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Id.* at 303; *see also Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir.1959) ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant ... as either scandalous,

2

1 impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this
2 Court.")

3     Accordingly, IT IS HEREBY ORDERED THAT defendants' Motions to Dismiss [Docket Nos.
4 57 & 59] are GRANTED. Gimbel's Amended Complaint is DISMISSED WITH PREJUDICE. The
5 Clerk is directed to close the file and terminate any pending matters.

6     IT IS SO ORDERED.

7 Dated: 9/18/07                             SAUNDRA BROWN ARMSTRONG
8                                       United States District Judge

**United States District Court**
For the Northern District of California

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GIMBEL et al,

        Plaintiff,

v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV07-00113 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Gimbel
225 Brevus Street
Crescent City, CA 95531

Dated: September 19, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

4