John Gimbel
225 Brevus St.
Crescent City CA
95531
in pro se
Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF
    John Gimbel

v

DEFENDANT
    State of California, et al....

CASE NO.: C07 0113 (MJJ- SBA)
REQUEST FOR JUDICIAL NOTICE

The following 6 items are requested to be judicially noticed:

1. That FRCP 8 says "...shall contain...." It does not say "...shall consist solely of...."

> Rule 8. General Rules of Pleading
> **(a) Claims for Relief.**
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall CONTAIN (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

2. That there exist numerous complaints, across time, submitted in federal courts, that, of their natures, were even longer than this claimant's complaint.

3. Long complaints can and do exist. Especially those which need to point out torts occurring over lengths of time; or, those showing cumulative injuries, damages and related events across time as a result of the originating point-event. Also, those with

multiple defendants, multiple and complex acts. Several long complaint examples include, as a fact:

    A. 110 page complaint: *CHARLES B. SHANE, M.D, et al vs. HUMANA, INC.; AETNA, INC., et al, MDL NO.: 1334 MASTER FILE NO.: 00-1334-MD-MORENO,* filed in U.S. Dist. Court Southern dist. of Florida, Miami Div.

    B. 406 page complaint: Reference at this site to a factual 406 page complaint filed in federal court in Washington D.C.:
http://www.usatoday.com/news/nation/2003-07-13-911-families-cover-usat_x.htm

Reference to 406 pg. complaint in above article as follows:

> **"Targeting alleged conspirators**
> Families have another option that carries the longest odds of all. Congress allowed them to sue "knowing participants in the hijacking conspiracy" without losing rights to government compensation. More than 4,000 victims' survivors have joined 11 lawsuits against terrorists and their alleged supporters. These complaints are a long international reach for justice, and for whatever assets of the defendants can be found in the USA. Led by tobacco-wars veteran Ron Motley of Mount Pleasant, S.C., a consortium of law firms last August **plunked a 406-page complaint into federal court** in Washington, D.C. {believed to be Aug. 2002 from date of article}. It targets rich Muslims who allegedly have helped to fund al-Qaeda."

The above-mentioned complaint obviously exists; however, claimant was unable to find it online to date, nor could he get the parties' names.

    C. 88 page complaint: *U.S. v. Philip Morris, et al,* filed in U.S. District court, Washington D.C.; available online at:
http://www.usdoj.gov/civil/cases/tobacco2/complain.pdf

In fact, Gimbel's original complaint-allegation pages, 63 pages, (not including exhibits) is shorter than every one of these samples. Same, far more so, with his amended complaint, 6 pages, obviously.

4. John Gimbel fulfilled the 3 points in FRCP 8's "shall contain" with the following in his original complaint:

Per FRCP 8(a)(1): The 2 lines of paragraph 2 in original complaint comprise this: "...jurisdiction over the subject matter of this action founds upon...."

Per FRCP 8(a)(2): Claimant's paragraph 4, line 9, paragraph 10, line 10, paragraph 15, line 15, and paragraph 217, line 20 in original complaint all make a short and plain statement, such as, "because speech is allowable (protected)... {shows, infers directly that claimant is entitled to relief}...."

Per FRCP 8(a)(3): Claimant's paragraph 86, 1 line in the original complaint: "It is with the amounts we have demanded, that justice will be served, therefore."

5. The court is obligated to conclude, by the foregoing items for judicial notice, that defendants' continuous harping, and so called bases, using FRCP 8 in their motions to dismiss amended complaint and their trailing briefs, has absolutely no bearing on reality.

6. Asks court to notice claimant states on page 62, line 7 of his original complaint: "--no outstanding request {of the court} to read the exhibit C e-mails,...." This statement effectively reduces the size of the targeting reading matter in the complaint-exhibits by 30 pages or so. (Exhibit C had a kind of "please-merely-glance-at-this," request.)

(7.) (Court may skip this item in its preference:)
7. Attorneys that speak for cities and counties have tricks as old as Satan. Had my complaint been rather short you would have heard no end from these assholes as they haul out their routine copy and pastes to try maul and attack a complaint merely for *being short*--stuff from them like, "Complaint lacks sufficient depth...." Or, "Complaint was too short...." Or, "Insufficient detail was present as to...blah blah...." Or, "Complaint failed to state particularities within its allegations...." The hell they wouldn't have. Let's get on with their criminal defendants' recompense for lies and trashings of amendments.

Dated Sept. 15, 2007                         _____
                                             John Gimbel, plaintiff, in pro se

## PROOF OF SERVICE BY MAIL, PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION

I am a citizen of the United States and a resident of Del Norte County; I am over the age of eighteen (18) years; my address is 1533 Oregon St., Crescent City, CA 95531.

On September 16, 2007 I served the documents within, described as **REQUEST FOR JUDICIAL NOTICE**, to the interested parties in said action:

_____ By overnight FedEx.

\_\_X\_\_\_ By following the ordinary business practice, placing on that date at my place of business, a true copy thereof enclosed in a sealed envelope(s) with postage thereon fully prepaid, for collection and mailing with the United States Postal Service at Crescent City, California, where it would be deposited with the United States Postal Service that same day in the ordinary course of business addressed as follows:

Attny John Vrieze
(for Del Norte sheriff dept. and dist. att.)
814 Seventh St.
Eureka, CA
95502

Calif. Att. Gen. (Troy Overton)
455 Golden Gate Ave. Suite 11000
San Francisco, CA
94102-7004

Attny William Ayres
((for Crescent City police dept.(& agents of city))
1415 Court St.
Redding, CA
96001

(( Ronald V. Dellums Federal Building
Suite 400S
1301 Clay Street
Oakland, CA 94612-5217 ))
   **(Remaining 18 defendants served listed on attached, behind this.)**

_____ By personally delivering a copy of said document(s) on the party(ies) named below at the following address(es):

_____ By following the ordinary business practice, placing on that date at my place of business, the above documents for deposit that same day in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees paid or provided for as follows:

_____ By transmitting by facsimile machine, telephone number 707 464 5908, to the party(ies) named below at the facsimile machine telephone number listed below. The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Name:_____    Facsimile No:_____
Name:_____    Facsimile No:_____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this day of September 16, 2007 at Crescent City, California.

*/s/ Octavio Rodriguez*
Octavio Rodriguez

