1  John Gimbel
2  225 Brevus St.
   Crescent City CA
3  95531
   707.464.5908
4  Plaintiff, in pro se

5

                UNITED STATES DISTRICT COURT
6
                NORTHERN DISTRICT OF CALIFORNIA
7

8
   JOHN GIMBEL                          CASE NO. : C070113 SBA
9         Plaintiff,                    RECORD ON APPEAL; STATEMENT
                                        OF THE EVIDENCE
10
   vs.
11
   STATE OF CALIFORNIA, DEL NORTE
12 COUNTY SHERIFF'S DEPARTMENT,
   JERRY HARWOOD, BILL STEVEN, GENE
13 McMANUS, MELANIE BARRY, DANA RENO,
   ROBERT BARBER, ED FLESHMAN,
14 CRESCENT CITY
   POLICE DEPARTMENT,
15 DOUGLASS PLACK, GREG JOHNSON, JAMES
   HOLT, CALEB CHADWICK, THOMAS
16 BURKE, DEL NORTE DISTRICT ATTORNEY,
   KEITH MORRIS, AC FIELD, MICHAEL RIESE,
17 DARREN McELFRESH, AND FRITZ
   LUDERMAN
18

19

20        Defendants

21 ------------------------------------------------

22     The appeal will be taken by plaintiff, Title 28 II, Rule 10, based on several
23 points, records and evidence, including the following:

24
       1. The court acted improperly wherein judge Saundra B. Armstrong did not
25 recuse herself on the same grounds as did Martin J. Jenkins (both are black).

26
       2. All original papers and exhibits filed in the district court, including original
27 and amended plaintiff's complaint.

28

Record on Appeal; Statement of the Evidence      -1-

3. A certified copy of the docket entries prepared by the district clerk.

4. The evidence exists, clearly, speaks for itself, that, since to nullify the constitutional right to seek redress is the onus and condemnation of a punishment <u>directly</u> upon one, (in this case upon the plaintiff, when the court closed Gimbel's case), the court acts improperly by nullifying the constitutional right of the plaintiff to seek redress with his complaint without the due process involving a right to a trial to determine, as provided by law and rights to speedy jury trials, whether this constitutional right is in fact removable in the name of punishment. It acts improperly, concomitantly, even before that, in not even having allowed a plea on the charges of "colorful language," before mandating *an exact punishment* of deprivation of the aforementioned constitutional right.

5. Instruction will be given the court, as self-evident, that base language occurs at times in the very course of life. The court will be reminded, if not admonished, that no violations per se are dropped in *violative indictments* in the criminal systems, by "courts," no matter who was to use base language in a case there; yet, in the Gimbel case, the court purports right or mandate for some base language to allow to free up automatically the *violative indictments* of 18 defendants accused of serious and pillaging violations in the Gimbel case.

Additionally, three in fact very recent samples will be shown, that the outright forgiveness of indicted violations for some base language, (as the court attempted with Gimbel's 18 defendants), is not at all keeping with the tenor of life itself, and should not be an act of our overseeing-of-life courts. These 3 will be:

1. The recent Jesse Jackson, U.S. Rep.'s (Illinois) use of profanity during a session on the House floor, even further "fight challenging" his opponent directly ("let's step outside," CA penal 415). That episode came to "life goes on." Absolutely nothing came of it. According to our courts here, (the Gimbel sample), Jackson should have been fired, stopped, removed of all rights. Gimbel's 4 years of work was hit with the hammer of one page of orders, the

judge (Armstrong) saying of his 4 years of work she only bothered to read the first line, and Gimbel was suddenly removed like Saddam for the same language Mr. Jackson used.

2. The recent U. of Colorado at Ft. Collins editor who allowed to use the "F" word to describe Bush in the collegiate paper, keeps his job. The editor's life goes on. (Bush himself has used the "S" word publicly during his term, as you recall--no repercussions.) Gimbel used some base language, and, in contrast, his life (or his life's work in the civil case) is supposed to drop stone cold dead--all of it.

3. A revealing recent study that shows that, were Armstrong to dismiss on base language, it is the very attempt to destroy some of the very tenuously precious fabric of our lives that prospers our team spirit and morales, and the study will show this could equate to an act to demoralize and de-spiritualize us.

The appeal argues there has transpired not even remotely the "justice" due this plaintiff.

Dated Oct. 24, 2007          _____ in pro se
                              225 Brevus St.
                              Crescent City, CA 95531

ROOF OF SERVICE BY MAIL, PERSONAL DELIVERY,
OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION

I am a citizen of the United States and a resident of Del Norte County; I am over the age of eighteen (18) years; my address is 1533 Oregon St., Crescent City, CA 95531.

On October 26, 2007 I served the documents within, described as **RECORD ON APPEAL; STATEMENT OF THE EVIDENCE (PER TITLE 28 II, RULE 10)** to the interested parties in said action:

_____ By overnight FedEx.

\_\_\_X\_\_\_ By following the ordinary business practice, placing on that date at my place of business, a true copy thereof enclosed in a sealed envelope(s) with postage thereon fully prepaid, for collection and mailing with the United States Postal Service at Crescent City, California, where it would be deposited with the United States Postal Service that same day in the ordinary course of business addressed as follows:

Attny John Vrieze
(for Del Norte sheriff dept. and dist. att.)
814 Seventh St.
Eureka, CA
95502

Calif. Att. Gen. (Troy Overton)
455 Golden Gate Ave. Suite 11000
San Francisco, CA
94102-7004

John P. Devine
CA Att. Gen.
455 Golden Gate Ave.
Suite 11000
San Francisco, CA
94102

Attny William Ayres
((for Crescent City police dept.(& agents of city))
1415 Court St.
Redding, CA
96001

Randall Harr
1415 Court St.
Redding, CA
96001

Ninth Circuit court of appeal
95 Seventh St.
San Francisco, CA
94612-5217

William Mitchell
814 Seventh St.
Eureka, CA
95502

_____ By personally delivering a copy of said document(s) on the party(ies) named below at the following address(es):

_____ By following the ordinary business practice, placing on that date at my place of business, the above documents for deposit that same day in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees paid or provided for as follows:

_____ By transmitting by facsimile machine, telephone number 707 464 5908, to the party(ies) named below at the facsimile machine telephone number listed below. The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Name:_____  Facsimile No: _____
Name:_____  Facsimile No: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this day of October 26, 2007 at Crescent City, California.

*/s/ Chris Ohmer*
Chris Ohmer