1  John Gimbel
2  225 Brevus St.
   Crescent City CA
3  95531
   707.464.5908
4  Plaintiff, in pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL<br>　　　Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, DEL NORTE COUNTY SHERIFF'S DEPARTMENT, JERRY HARWOOD, BILL STEVEN, GENE McMANUS, MELANIE BARRY, DANA RENO, ROBERT BARBER, ED FLESHMAN, CRESCENT CITY POLICE DEPARTMENT, DOUGLASS PLACK, GREG JOHNSON, JAMES HOLT, CALEB CHADWICK, THOMAS BURKE, DEL NORTE DISTRICT ATTORNEY, KEITH MORRIS, AC FIELD, MICHAEL RIESE, DARREN McELFRESH, AND FRITZ LUDERMAN<br><br>　　　Defendants | CASE NO. : C070113 SBA<br><br>AMENDED NOTICE OF MOTION AND MOTION FOR DISQUALIFICATION OF JUDGE (SAUNDRA B. ARMSTRONG); PROPOSED ORDER<br><br>Date: February 5, 2008<br>Courtroom 3, 3rd floor, Ronald V. Dellums federal courthouse, Oakland<br>Time: 1 PM |

　　　Herewith is notice of motion and motion set for February 5, 2008, Courtroom 3, 3rd floor, 1 PM in the Ronald V. Dellums federal courthouse, Oakland, CA.

　　　RELIEF SOUGHT: Motioner seeks the disqualification of judge Saundra B. Armstrong in the above referenced case under one of USC 28 455 or 144, and the reset to an original proceeding with another judge in district court on his amended complaint and associated briefs. Motioner requests that this motion be given another judge to determine disqualification. as outlined in the civil local rules as this:

　　　"3-15: ...filed pursuant to 28 U.S.C. § 144...the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge."
And,

Civil local rules 3-15 commentary: "This rule does not preclude a Judge from referring matters arising under 28 U.S.C. § 455 to the Clerk so that another Judge can determine disqualification. See also Civil L.R. 3-16"

USC Title 28, part I, chpt. 5, 144 reads:
"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

Per the above, motioner also asks "relief-in-leeway," and points out: 1. He did not discover S.B.A. was a "black judge" until after her order. 2. He could not know in any wise *beforehand*, therefore, to need to ask disqualification. 3, Motioner's health is unmercifully corroded, and he has done everything he could to bring this disqualification issue before the court, but needed to file a timely appeal as a matter of course, as well. This motion, (and other submissions), is as timely as anything motioner could ever physically or mentally do in his present condition. Motioner further asks that his exhibit A attached to this, and this paragraph you read, be accepted, per his signature on this motion, both as the affidavit describing with statements and facts believed to be fully accurate, the bias, and describing, for good cause, why the motion is being made after her order ("timeliness"). With my signature on this motion, I also ask the court to accept this as my "certificate of counsel of record" (per Title 28, 144) that I am requesting all what you read in this motion *in good faith*, and on sworn belief of its correctness.

Motioner also asks relief, in that, if this motion is given another judge, the hearing dates be *changed if possible to the earliest possible date and time accommodated by that judge's calendar schedule info*. The above date, under caption, was created as early as possible from S.B.A.'s schedule info. Motioner has been crucified by this
legal travail and needs to get everything done as soon as possible.

And finally: It would go without saying that if Martin J. Jenkins recused himself from the case, in reference to some comments in plaintiff's amended complaint and because he is a "black person," then any black judge would tend to see the same thing.... Set your cogs to thinking in this reassignment of a judge--is all this says....

1   IN SUPPORT OF THIS MOTION: is attached exhibit A, a Complaint for
2   Judicial Disability (or Misconduct), which has been filed regarding the above
3   referenced judge. It should be very clear why she should disqualify herself.

4   JURISDICTION
5   It is true that, because of time deadlines, the above case has been coerced to
6   appeal. However, plaintiff (also, appellant) argues and believes that, because he is
    the exact creator, author and decider as to the existence of (any) appeal, the right to
7   bestow "power of attorney," or suggest or even "assign jurisdiction" exists, in the
8   regard that he may, with a potential real result, ask the district court to get their
    heads together with the Ninth Circuit court of appeal and indicate to the appeal court
9   (given the district court finally sees it as I--the correctness of recusal by S.B.A.)
10  that, yes, the judge should have recused herself, and ask the appeal court to stay any
11  appeal proceedings while the original case in district court is heard by another judge.
    (The appeal may or may not be resumed depending on the reassigned judge in the
12  district court.) Never hurts to ask; and I'm asking the Oakland District Court to do
13  exactly this, and upon review of this motion.
14  With my signature below I confer now to the Oakland federal U.S. District
    Court the power of attorney in my case, appeal or otherwise, to ask, and as not
15  unreasonable, the foregoing of the Ninth Appeal Court--to stay appeal proceedings--
16  until the district court has reassigned another judge and the plaintiff's amended
17  complaint is considered by a reassigned judge with the force and effect of an
    original proceeding at the district court level.
18
19  Dated  Nov. 15, 2007            _[signature]_           in pro se
20                                    John Gimbel
21
22
23
24
25
26
27
28

**EXHIBIT A**

John Gimbel
225 Brevus St.
Crescent City CA
95531
707.464.5908
Plaintiff, in pro se

# JUDICIAL COUNCIL OF THE NINTH CIRCUIT
## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

JOHN GIMBEL
    Complainant's name

CASE NO. :
COMPLAINT OF JUDICIAL
CONDUCT AND DISABILITY
IN C07 0113 SBA

SAUNDRA BROWN ARMSTRONG
    Name of judge being complained
    about

Judge's court: Oakland.

Behavior of judge in C07 0113 (SBA) (Saundra Brown Armstrong).

Complainant is the in pro se plaintiff in the indicated case number.

Complainant has not filed a lawsuit against the judge.

There have been no appeals in the case.

Present status of suit: apparent order on motions and amended motions to dismiss complaint had been granted by the judge in question, Saundra Armstrong Brown.

### STATEMENT OF FACTS

Very simple. Plaintiff filed initially in S.F. court under Martin J. Jenkins (black judge). Defendants' motions were granted with leave for plaintiff to amend. In plaintiff's amended complaint, he did use some expressly racist-sounding language. The judge did recuse himself, obviously because he's black. Plaintiff did

come back later in his Combined Oppositions to Defedants' Motions to Dismiss Amended Complaint with a personal letter consoling Mr. Jenkins in every way he could that he was no racist, but was just trying to generate a wake-up call, attention grabber, to being 100% certain that Mr. Jenkins was a First Amendment closet case, and/or that he had, obviously, done extremely few, or none, First Amendment cases.

The case was reassigned to Oakland under Saundra Brown Armstrong. Because she is also black, she should clearly also recuse herself. She has even issued a "snipey headed order," with her ostensible pun in it, "with prejudice" against Mr. Gimbel, plaintiff, the phrase she includes in her order granting motions to dismiss amended complaint.

For relief in this, I simply ask she recuse herself, and let the motions to dismiss amended complaint in C07 0113 (MJJ-SBA) simply be assigned a judge not likely to wreak vengeance, and miscarriage to all requests for relief in the indicated action, upon the plaintiff for some language he used. I'll allow it to be called "disability." She probably can't help herself.

If you read my complaint and exhibits, I starve until this action is over. Drawing it out that I do (starve) apparently doesn't bother anybody around here.

Let's get on with a recuse and have the motions she viewed reassigned to another judge. I will be forward-looking in this matter, and not punitive-minded per Rule 1(a). She probably couldn't help herself, but we need to do this with another judge--no questions please.

I thank you.

I declare under penalty of perjury that I have read rules 1 and 2 of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability, and the statements made in this complaint are true and correct to the best of my knowledge.

Dated: _____          _____
                                        JOHN GIMBEL, complainant, in pro se